UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES HOPPER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PIERCE COUNTY SHERIFF,<br><br>　　　　　Defendant. | Case No. C08-5696BHS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for February 20, 2009 |

This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. The matter is before the court because the U.S. Postal Service returned the court's order to show cause as undeliverable. After reviewing the record, it is recommended that the Court dismiss plaintiff's causes of action.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff names Paul Pastor, Sheriff of Pierce County Jail as the sole defendant in his Complaint. Plaintiff alleges in its entirety the following:

> On Oct. 17th 2008, during routine misdemeanor arrest, Plaintiff Charles Hopper was severely bitten in the back fo the had and right forearm. This causing significant pain. Also, I'm still having headaches, nightmares and memory loss.
>
> Plaintiff will seek remedy through judgement and wish for medical expenses, livelihood, and monetary damages.
>
> Also, Plaintiff may need attorney help because of significant dysfunction.

Complaint at 3.

On January 5, the undersigned reviewed the complaint and found it to be deficient and ordered plaintiff to show cause why the matter should not be summarily dismissed. *See* Doc. 6. Plaintiff was directed to cure certain deficiencies or otherwise explain why the matter should not be dismissed by not

later than January 30, 2009.

On January 13, 2009, plaintiff's copy of the court's order to show cause was returned to the Clerk of the court by the postal service. The Clerk's office used the address provided by plaintiff. Plaintiff has not responded to the court's order, and Plaintiff has not contacted the court or clerk's office to provide the court with a current address.

## DISCUSSION

It is the *pro se* plaintiff's responsibility to keep the clerk informed of his or her current address to ensure timely notification of court action. Local Rule CR 41(b)(2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro se plaintiff by the clerk is returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

Here, the clerk sent the a copy of the court's show cause order on or about January 5, 2009, but the document was returned to the court clerk by the postal service because plaintiff was no longer at the address provided by plaintiff in his initial pleadings. The court is unaware of plaintiff's current place of residence or confinement. Moreover, the Complaint contains numerous deficiencies which would otherwise warrant summary dismissal of this matter.

## CONCLUSION

Based on the foregoing discussion, the Court should dismiss this matter without prejudice for failure to prosecute pursuant to Local Rule CR 41. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 20, 2009**, as noted in the caption.

Dated this 28th day of January, 2009.

        */s/ J. Kelley Arnold*
        J. Kelley Arnold
        United States Magistrate Judge